IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JUAN CASTRO-ALVARDO**                                          **PETITIONER**

**v.**                              **CIVIL ACTION NO. 5:17-cv-85-DCB-MTP**

**WARDEN DAVID BERKEBILE**                                  **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Juan Castro-Alvardo for a writ of habeas corpus under 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

### BACKGROUND

On April 6, 2013, Immigration and Customs Enforcement ("ICE") detained Petitioner. ([1] at 2; [11-2] at 2). On May 15, 2013, Plaintiff was indicted for illegal reentry of a deported felon. ([11-2] at 2). On May 20, 2013, the United States Marshals Service took custody of Petitioner. ([11-2] at 3). On November 25, 2013, after pleading guilty, Petitioner was sentenced in the United States District Court for the Northern District of Illinois for illegal reentry of a deported felon. ([1] at 2; [11-1] at 3). Petitioner was sentenced to a 77-month term of imprisonment. ([11-1] at 3).

The Bureau of Prisons ("BOP") gave Petitioner credit against his sentence for the five days he spent in ICE custody following his indictment. ([11-1] at 4).[1] In his Petition, Petitioner asserts that he should have received credit against his sentence for the entire time he spent in ICE

---

[1] BOP also gave Petitioner credit for the time he spent in the custody of the U.S. Marshals prior to his sentencing.

custody. Thus, Petition asserts that he should have been given credit for an additional thirty-nine days.

## ANALYSIS

Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal sentence. "A sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 28 U.S.C. § 3585(a). The statute also provides that the defendant is entitled to sentencing credit for time spent in "official detention" prior to the commencement of the term of imprisonment.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

28 U.S.C. § 3585(b).

The BOP granted Petitioner credit against his sentence from the date he was indicted until his sentencing. Petitioner seeks credit against his sentence for the time he spent in ICE custody prior to his indictment. Typically, time spent in administrative custody is not applied to a sentence. *See Castro-Frias v. Laughlin*, 2012 WL 4339102, at * 2 (S.D. Miss. July 13, 2012); *Valerio-Rodriguez v. Ask-Carlson*, 2014 WL 31015, at *1-2 (W.D. La. Jan. 3, 2014); *United States v. Rivas*, 2017 WL 4273150, at *1 (W.D. La. Aug. 28, 2017). BOP Program Statement 5880.028 states as follows:

> Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS) . . . pending final determination of deportability.  An inmate being held by INS pending a civil deportation determination is not being held in 'official detention' pending criminal charges.

*See* [11-2] at 20.

Accordingly, courts have held that "the time Petitioner spent in ICE administrative custody before he was charged with the crime of reentry after deportation was not 'official custody' according to 28 U.S.C. § 3585(b), and is not to be credited against his sentence." *See Castro-Frias*, 2012 WL 4339102, at * 2.  Petitioner, however, cites to *Zavala v. Ives*, 785 F.3d 367 (9th Cir. 2015), in which the United States Court of Appeals for the Ninth Circuit held that where ICE detains an alien pending potential criminal prosecution, and not for civil deportation proceedings, that detention constitutes official detention within the meaning of § 3585(b).

The United States Court of Appeals for the Fifth Circuit confronted a similar issue when it determined whether ICE detention triggers rights under the Speedy Trial Act.  In *United States v. De La Pena-Juarez*, 214 F.3d 594 (5th Cir. 2000), the Fifth Circuit determined that the Speedy Trial Act is not implicated when a defendant is detained on civil deportation charges but also determined that an exception applies where civil detentions are ruses to detain a defendant for later criminal prosecution. *De La Pena-Juarez*, 214 F.3d at 597-98.  The Fifth Circuit found that the "ruse exception" was an effective way of protecting against the possibility of collusion between federal criminal authorities and civil or state officials. *Id*. at 598.  The Fifth Circuit, however, held that the ruse exception would only apply "where the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution." *Id*.

In this case, Petitioner has offered no evidence demonstrating that his ICE detention was a ruse and that the primary or exclusive purpose of the detention was to detain him for criminal

3

prosecution. Thus, Petitioner has not shown that he was held in "official detention" while he was in ICE custody prior to his indictment, and he is not entitled to credit for that time. *See Aguila v. Stone*, 2017 WL 2197123, at *3 (S.D. Ga. May 18, 2017).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition [1] for a writ of habeas corpus be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 3rd day of October, 2019.

             s/Michael T. Parker
             UNITED STATES MAGISTRATE JUDGE