IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JUAN CASTRO-ALVARDO                                                      PETITIONER

VS.                                          CIVIL ACTION NO. 5:17-cv-85-DCB-MTP

WARDEN DAVID BERKEBILE                                        RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the pro se Petition of Juan Castro-Alvardo for a writ of habeas corpus under 28 U.S.C. § 2241 (docket entry 1).

United States Magistrate Judge Michael T. Parker has issued a Report and Recommendation "(R&R)" (docket entry 14), showing the following:

On April 6, 2013, Immigration and Customs Enforcement ("ICE") detained the Petitioner.  On May 20, 2013, the United States Marshals Service took custody of the Petitioner.  On November 25, 2013, after pleading guilty, the Petitioner was sentenced in the United States District Court for the Northern District of Illinois for illegal reentry of a deported felon.  Petitioner was sentenced to a 77-month term of imprisonment.

The Bureau of Prisons ("BOP") gave Petitioner credit against his sentence for the five days he spent in ICE custody following

1

his indictment.  BOP also gave Petitioner credit against his sentence for the time he spent in custody of the United States Marshals prior to his sentencing.  In his Petition, Petitioner asserts that he should have received credit against his sentence for the entire time he spent in ICE custody.  Thus, the Petitioner asserts that he should have been given credit for an additional thirty-nine days.

Magistrate Judge Parker notes that Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal sentence, and that "[a] sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  The statute also provides that the defendant is entitled to sentencing credit for time spent in "official detention" prior to the commencement of the term of imprisonment.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.
>
> 28 U.S.C. § 3585(b).

2

The BOP granted Petitioner credit against his sentence from the date he was indicted until his sentencing. Petitioner seeks credit against his sentence for the time he spent in ICE custody prior to his indictment. Typically, time spent in administrative custody is not applied to a sentence. See Castro-Frias v. Laughlin, 2012 WL 4339102, at * 2 (S.D. Miss. July 13, 2012); Valerio-Rodriguez v. Ask-Carlson, 2014 WL 31015, at *1-2 (W.D. La. Jan. 3, 2014); United States v. Rivas, 2017 WL 4273150, at *1 (W.D. La. Aug. 28, 2017). BOP Program Statement 5880.028 states as follows:

> Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS) . . . pending final determination of deportability. An inmate being held by INS pending a civil deportation determination is not being held in 'official detention' pending criminal charges.

See [11-2] at 20.

Accordingly, courts have held that "the time Petitioner spent in ICE administrative custody before he was charged with the crime of reentry after deportation was not 'official custody' according to 18 U.S.C. § 3585(b), and is not to be credited against his sentence." See Castro-Frias, 2012 WL 4339102, at *2. Petitioner, however, cites to Zavala v. Ives, 785 F.3d 367 (9th Cir. 2015), in which the United States Court of Appeals for the Ninth Circuit held that where ICE detains an alien pending potential criminal prosecution, and not for

3

civil deportation proceedings, that detention constitutes official detention within the meaning of § 3585(b).

The United States Court of Appeals for the Fifth Circuit confronted a similar issue when it determined whether ICE detention triggers rights under the Speedy Trial Act. In United States v. De La Pena-Juarez, 214 F.3d 594 (5th Cir. 2000), the Fifth Circuit determined that the Speedy Trial Act is not implicated when a defendant is detained on civil deportation charges but also determined that an exception applies where civil detentions are ruses to detain a defendant for later criminal prosecution. De La Pena-Juarez, 214 F.3d at 597-98. The Fifth Circuit found that the "ruse exception" was an effective way of protecting against the possibility of collusion between federal criminal authorities and civil or state officials. Id. at 598. The Fifth Circuit, however, held that the ruse exception would only apply "where the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution." Id.

Magistrate Judge Parker further finds that in this case the Petitioner has offered no evidence demonstrating that his ICE detention was a ruse and that the primary or exclusive purpose of the detention was to detain him for criminal prosecution. Thus, Petitioner has not shown that he was held in "official detention" while he was in ICE custody prior to his indictment, and he is not entitled to credit for that time. See Aguila v. Stone, 2017 WL 2197123, at *3 (S.D. Ga. May 18, 2017).

4

Magistrate Judge Parker recommends that Petitioner Castro-Alvardo's Petition for a Writ of Habeas Corpus be DISMISSED WITH PREJUDICE.

Petitioner was advised by the Magistrate Judge that he may file written objections to the recommendations within fourteen days.  He did not, and his failure to do so bars Castro-Alvardo, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions herein.  See Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

Based on the foregoing, IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Parker (docket entry 14) is adopted in its entirety as the findings of this Court;

FURTHER ORDERED that Petitioner Juan Castro-Alvardo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket entry 1) is DISMISSED WITH PREJUDICE;

A separate Final Judgment will be entered in accordance with this Order and as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 6th day of May, 2020.

David C. Bramlette_____

UNITED STATES DISTRICT JUDGE